IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO VAZQUEZ, GIOVANE JESUS SANCHEZ,<br><br>                    Plaintiffs,<br><br>      v.<br><br>SERVICEMASTER GLOBAL HOLDING INC., *et al.*<br><br>                    Defendants.<br>_____ / | No. C 09-05148 SI<br><br>**ORDER RE: MOTION TO COMPEL ARBITRATION** |

Defendants' motion to compel arbitration is currently scheduled for hearing on July 1, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

**BACKGROUND**

This case is related to *Pablo v. ServiceMaster Global Holdings, Inc.*, Case No. 08-3894, a putative class action pending before this Court. On August 17, 2009, the Court denied plaintiffs' motion to certify a class action in *Pablo*. *See* Case No. 08-3894, Doc. 49. The specific allegations in *Pablo* are discussed in more detail in the August 2009 Order. Since August 2009, dozens of individuals who would be class members in *Pablo* have filed suit independently, in eight cases that have been related by the Court, setting forth similar or identical claims.

Two individuals, Arturo Vazquez and Giovane Jesus Sanchez, filed this related action on October 30, 2009. *See* Compl. (Doc. 1). As in *Pablo*, they bring claims against defendants

ServiceMaster Global Holdings, Inc., the ServiceMaster Company, the Terminix International Company, L.P., and Terminix International, Inc. (collectively "Terminix" or "defendants"). They allege five claims for violations of the California Labor Code and Wage Orders: (1) failure to pay overtime (Cal. Labor Code §§ 510, 1194, 1197, Wage Order No. 5); (2) failure to pay full wages when due (§§ 220, et seq., 1194, 1198, 1199); (3) failure to keep proper records (§§ 226, 1174, 1174.5, Wage Order No. 5); (4) failure to provide meal and rest breaks (§ 226.7); and (5) failure to indemnify for necessary expenditures (§ 2802). Plaintiffs also allege that these violations constitute unfair business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et. seq.

Plaintiff Vazquez signed an arbitration agreement with Terminix on November 6, 2001 in which he agreed to submit to arbitration "[a]ny dispute arising out of [his] employment with Employer, including termination of employment and all statutory claims." Decl. of Victor Charles in Supp. of Def. Mot. to Compel Arbitration of Pl. Arturo Vazquez (Doc. 55), Ex. B.

## LEGAL STANDARD

When a court is confronted with a motion to compel arbitration, section 4 of the Federal Arbitration Act ("FAA") states "the court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration . . . is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. 4 (2005). The FAA is applied in both federal diversity cases and state courts, where it preempts state statutes invalidating such agreements. *See Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 271 (1995) (discussing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 405 (1967)).

Appellate courts have determined that arbitration agreements do not weaken protections afforded by substantive law and, as a result, parties may compel the arbitration of statutory employment claims. *See E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 750 (9th Cir. 2003) (en banc) (overruling *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182 (9th Cir. 1988)); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (holding statutory claims may be the subject of an arbitration agreement and are enforceable pursuant to the FAA). "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their

resolution in an arbitral, rather than a judicial forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985). Therefore, if an arbitration agreement is valid, a district court has no discretion to deny a motion to compel arbitration. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

A party may waive its right to arbitrate. However, waiver of a contractual right to arbitration is not favored, and as a result, any party arguing waiver of arbitration bears a heavy burden of proof. *See Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.*

**DISCUSSION**

Defendants have moved to compel plaintiff Vazquez to arbitrate his claims. Defendants request that the Court not only compel plaintiff to submit his claims to arbitration, but that the Court compel them to submit his claims to *individual* arbitration. Plaintiff does not contest defendants' evidence of an arbitration agreement, or defendants' assertion that the agreement governs the claims in this case. Rather, he argues that defendants waived their right to arbitrate "by executing a deliberate strategy to litigate this matter on the merits in this Court." Pl. Oppo. at 1.

This is one of nine related cases. Defendants conducted extensive discovery in *Pablo v. Servicemaster*, Case No. 08-3894 SI, opposed two motions for class certification, and filed one motion for partial summary judgment. Defendants filed a motion for partial summary judgment in *Morse v. Servicemaster*, Case No. 10-628 SI. Defendants served two sets of discovery in this case (requests for production of documents and interrogatories), and they moved to compel discovery in this case and six other cases. Additionally, defendants filed an Answer in this case, in which they pled as an affirmative defense their right to arbitrate, and to file motions to compel arbitration. *See* Answer (Doc. 13), Affirmative Defense 15. Thus, the question of waiver comes down to whether defendants' decision to litigate the class claims in *Pablo*, to litigate one individual claim in *Morse*, and to conduct limited discovery in this and six other related cases, are "acts inconsistent with" the right to arbitrate in *this* case

and therefore constitutes waiver; and if so whether plaintiff has been prejudiced.

Even assuming defendants' actions were somehow inconsistent with their attempt to seek arbitration, plaintiff has shown no prejudice. *See Lake Communications, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984) (explaining that plaintiff was not prejudiced where defendant sought arbitration "more than a year after the complaint was filed," defendant "submitted a motion to dismiss alluding to the arbitration provision [and defendant's] intention to rely upon it," and "only limited discovery ha[d] occurred, consisting primarily of the taking of [a] deposition"), *overruled on other grounds*, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 632–35 (1985). Plaintiff has not met his high burden to show waiver described in *Fisher*. *See supra*, 791 F.2d 691.

Defendants have also asked the Court to determine whether plaintiff will be required to arbitrate his claims individually or whether he might arbitrate them as part of a class. Neither the Supreme Court nor the Ninth Circuit has explained definitively when the availability of class-wide arbitration might be a question for a court and when it might be a question for an arbitrator. In the Supreme Court's *Green Tree Financial Corp. v. Bazzle* decision, a plurality of four justices opined that it is always a question for the arbitrator, but the concurring fifth justice merely stated that such was "[a]rguably" the case. *See* 539 U.S. 444, 447 (2003) (plurality opinion); *id.* at 455 (Stevens, J., concurring in judgment). Although some courts interpreted the *Bazzle* concurrence as requiring the submission of the question of class-wide arbitrability to the arbitrator, the Supreme Court has recently clarified that the question remains open. *See Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*, 130 S. Ct. 1758, 1772 (2010) (explaining that "*Bazzle* did not yield a majority decision" on the question, and declining to answer it).

The Court therefore turns to more general law regarding what questions are for the Court and what questions are for the arbitrator. The Ninth Circuit has recently clarified that "when a plaintiff's legal challenge is that a contract as a whole is unenforceable, the arbitrator decides the validity of the contract, including derivatively the validity of its constituent provisions (such as the arbitration clause)," but "when a plaintiff argues that an arbitration clause, standing alone, is unenforceable—for reasons independent of any reasons the remainder of the contract might be invalid—that is a question to be decided by the court." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir. 2010). The question of waiver, for example, which is a question of enforceability, has long

4

been seen in the Ninth Circuit as a question for courts. *See, e.g., Van Ness Townhouses v. Mar Industries Corp.*, 862 F.2d 754, 758 (9th Cir. 1988); *Fisher*, *supra*, 791 F.2d 691; *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07–1827 SI, 2011 WL 1753784, * 2 (N.D. Cal. May 9, 2011); *Irwin v. UBS Painewebber, Inc.*, 324 F. Supp. 2d 1103, 1110 (C.D. Cal. 2004) ("The Court considers whether the defendant has waived its right to arbitrate."). If, then, the question of class arbitration needed to be answered in order for the Court to determine whether a party waived its right to arbitrate, it would be a question for the Court. Here, however, the arbitration clause is enforceable regardless whether it permits or precludes class certification. The question is for the arbitrator to decide.[1]

**CONCLUSION**

For the foregoing reasons, and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to compel arbitration. Plaintiff Vazquez must submit his claims in arbitration, according to the terms he agreed upon with defendants. It is for the arbitrator to decide

---

[1] Defendants argue that one court has already found the arbitration agreement signed by the plaintiffs to be "silent" as to the question of class arbitration, in *Ayala v. Terminix Int'l Co.*, Case No. BS130392, and therefore that the clause precludes class arbitration under the rule announced in *Stolt-Nielsen*. Defendants are incorrect on a variety of grounds.

First, in moving to compel arbitration in this and several related cases, defendants have submitted different arbitration forms. It is not clear which arbitration form was being discussed in *Ayala*. Second, some or all of the arbitration agreements contain an integration clause that purports to integrate both the arbitration agreement and the "Employee's Employment Agreement," which may or may not have been considered in *Ayala*.

Third, in *Stolt-Nielson*, the Supreme Court was using the word "'silent' in the sense that they had not reached any agreement," not in the literal sense that there were no words in the contract discussing class arbitration one way or the other. *See* 130 S. Ct. at 1768. The Supreme Court has never held that a class arbitration clause must explicitly mention that the parties agree to class arbitration in order for a decisionmaker to conclude that the parties consented to class arbitration. Rather, the Supreme Court has held that parties must *consent* to class arbitration. *Id.* at 1775. The interpretation of an arbitration agreement is generally a matter of state law, *see Arthur Andersen LLP v. Carlisle*, 129 S.Ct. 1896, 1901–02 (2009), and state law permits a decisionmaker to look beyond the four corners of the contract where appropriate. In *Stolt-Nielson* itself, the Supreme Court indicated that it would be appropriate for the decisionmaker to consider the "sophisticat[ion]" of the parties, and even the "tradition of class arbitration" in the field, when determining whether a contract was truly "silent" as to class arbitration. 130 S. Ct. at 1775. In this case, the failure to mention class arbitration in the arbitration clause itself does not necessarily equate with the "silence" discussed in *Stolt-Nielson*.

Finally, defendants have not presented evidence that the *Ayala* court found that the agreement was "silent" within the meaning of *Stolt-Nielson*. The only evidence defendants present is an oral statement by a state court judge that the agreement was "silent on the issue," when explaining that the parties had stipulated to arbitrate the matter as a class action. Such a statement, made when *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (Cal. 2005), was binding precedent, does not suggest that the state court was using "silent" in the technical sense discussed in *Stolt-Neilson*.

whether he must bring his claims individually. (Doc. 53.)

**IT IS SO ORDERED.**

Dated: June 29, 2011

SUSAN ILLSTON
United States District Judge